UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEIGHTS IN PARIS LLC,

                Plaintiff,

      -against-

BELCALIS ALMANZAR; GOOGLE, LLC;
HENNESSY ALMANZAR,

               Defendants.

22-CV-3224 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff "Heights in Paris" filed this action *pro se*. On May 3, 2022, the Court dismissed the complaint without prejudice to Heights in Paris retaining counsel to litigate this action. On May 9, 2022, Heights in Paris filed an amended complaint naming itself as "Glotsip, LLC d/b/a Heights in Paris" ("Glotsip"). By order dated June 16, 2022, the Court noted that Heights in Paris had not retained counsel and ordered that the action be closed, with leave to reopen by counsel for Heights in Paris. The Clerk of Court entered judgement on the same day.

    On August 7, 2022, Glotsip filed an affidavit seeking a default judgment, noting that Defendants had not answered the complaint. On August 11, 2022, Eric T. Baker ("Baker"), an individual who has signed the documents submitted in this action, filed a motion to reopen, noting that he has "a pending case Glotsip d/b/a Heights in Parks v. Almanzar et al, which yielded a name change from the previous Heights in Paris v. Almanzar el al, however the distinction is superfluous as Glotsip is the parent company." (ECF 12.)

    The Court denies both motions. First, the Court denies the motion for default judgment because the Defendants are not in default. A summons never issued in this action, and therefore, the Defendants were not notified of this action, or required to respond. Second, the Court denies the motion to reopen because the motion was filed by an individual who is not a party to the

action. Even if the Court were to construe the submission as seeking leave to appear on behalf of Heights in Paris, as a nonlawyer, Baker can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore denies the motion to reopen.

## CONCLUSION

Plaintiff's motion for a default judgment (ECF 11) and motion to reopen (ECF 12) are denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 18, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge